# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

No. 13-2527 (L)
(2:12-CV-00042-JPB)
_____

LOIS ALT, d/b/a Eight is Enough, Plaintiff-Appellee,

AMERICAN FARM BUREAU FEDERATION and WEST VIRGINIA
FARM BUREAU, Plaintiffs/Intervenors-Appellees,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Defendant-Appellant,

POTOMAC RIVERKEEPER, WEST VIRGINIA RIVERS COALITION,
WATERKEEPER ALLIANCE, CENTER FOR FOOD SAFETY, and
FOOD & WATER WATCH, Defendants/Intervenors-Appellants

_____

On Appeal from the United States District Court
For the Northern District of West Virginia
_____

UNOPPOSED JOINT MOTION OF INTERVENORS/DEFENDANTS-
APPELLANTS TO PLACE BRIEFING SCHEDULE IN ABEYANCE UNTIL
OCTOBER 2, 2014 IN LIGHT OF APPELLANT ENVIRONMENTAL
PROTECTION AGENCY'S MOTION TO DISMISS

and

REQUEST FOR EXPEDITED CONSIDERATION

_____

Pursuant to Fourth Circuit Local Rule 12(d), Intervenors/Defendants-Appellants—Center for Food Safety; Food & Water Watch; Potomac Riverkeeper; West Virginia Rivers Coalition; and Waterkeeper Alliance ("Environmental Appellants") — hereby move this Honorable Court to hold in abeyance the briefing schedule entered on August 18, 2014 in *Lois Alt, et al. v. Center for Food Safety, et al.*, No. 13-2527 (consolidated with Case Nos. 13-2528, 13-2533, 13-2534) (4th Cir. Dec. 20, 2013), ECF #50, under which Environmental Appellants' Opening Brief is due to be filed on September 23, 2014, until October 2, 2014, in light of Defendant-Appellant United States Environmental Protection Agency's ("EPA") Motion to Dismiss its appeal.

In addition, because Environmental Appellants' opening brief is due to be filed on September 23, 2014 -- one business day after EPA moved to dismiss its appeal -- Environmental Appellants request that the Court rule on the instant motion on an expedited basis. If the Court does not rule on the instant motion on an expedited basis, **before 5 pm on September 23, 2014**, Environmental Appellants will have no choice but to file their opening brief despite the uncertainties raised by EPA's last-minute, pending motion.

Environmental Appellants have consulted with David Yaussy, counsel for Alt, James T. Banks, counsel for West Virginia Farm Bureau and

2

American Farm Bureau Federation, and Peter Krzywicki, counsel for EPA, and no party to this appeal opposes this motion.

## **PROCEDURAL HISTORY**

On June 14, 2012, Plaintiff Lois Alt sought declaratory and other relief under the Administrative Procedure Act that, *inter alia*, the administrative compliance order was issued in excess of EPA's authority. *See* N.D.W. Va. ECF #1. The American Farm Bureau Federation and the West Virginia Farm Bureau intervened as Plaintiffs. *See* N.D.W. Va. ECF #27. The Potomac Riverkeeper, West Virginia Rivers Coalition, Waterkeeper Alliance, Center for Food Safety, and Food and Water Watch intervened as defendants. *See* N.D.W. Va. ECF #88. All of the litigants cross-moved for summary judgment. *See* N.D.W. Va. ECF #144. On October 23, 2013, the district court granted Plaintiff and Plaintiff-Intervenors' motion for summary judgment. *See id.* On December 20, 2013, EPA filed its notice of appeal. N.D.W. Va. ECF #152. On December 23, 2013, Environmental Appellants filed their Notices of Appeal. N.D.W. Va. ECF ##147-149. Pursuant to the Order entered on August 18, 2014, the Environmental Appellants' Brief is due on September 23, 2014. 4th Cir. ECF #50. On September 22, 2014, more than nine months from the filing of

3

its Notice of Appeal, Defendant-Appellant EPA moved, pursuant to Rule 42(b), for a voluntary dismissal of its appeal in this matter.

## ARGUMENT

Pursuant to Local Rule 12(d), Environmental Appellants ask the Court to hold the briefing schedule in the instant appeal in abeyance until October 2, 2014, to give the Court time to resolve the last-minute Motion to Dismiss and to give the Environmental Appellants time to carefully consider the effect of the motion on their appeals. Local Rule 12(d) provides that this Court may hold a case in abeyance, on its own initiative or upon request, pending the disposition of matters which may affect the ultimate resolution of an appeal. EPA's Motion to Dismiss satisfies that criteria.

It would be premature and contrary to the interests of judicial economy to require Environmental Appellants to file their opening brief on schedule on September 23, 2014, in light of EPA's Motion to Dismiss. EPA's motion raises questions for Environmental Appellants regarding the content of their opening brief that cannot be resolved until the Court rules on the motion. Thus, it would not only threaten to waste judicial resources, it would also unfairly burden Environmental Appellants to be compelled to file their opening brief without knowing the outcome of EPA's motion or having an opportunity to carefully consider the effect of the motion on their appeals.

4

Environmental Appellants thus request that the Court place this case in abeyance until October 2, 2014 to give the Court time to rule on the pending Motion to Dismiss and to give Environmental Appellants time to consider how resolution of the motion affects their appeals.

In addition, because Environmental Appellants' opening brief is due to be filed on September 23, 2014 -- a single business day after EPA moved to dismiss its appeal -- Environmental Appellants request that the Court rule on the instant motion *on an expedited basis*. If the Court does not rule on the instant motion on an expedited basis, and specifically **before 5 pm on September 23, 2014**, the instant motion will become moot because Environmental Appellants will have no choice but to file their opening brief despite the uncertainties raised by EPA's last-minute, pending motion.

## CONCLUSION

For these reasons, Environmental Appellants respectfully request this Court to

1) hold the case in abeyance until October 2, 2014 in light of EPA's Motion to Dismiss; and

2) decide the instant motion on an expedited basis, before 5 p.m. on September 23, 2014.

                                            Respectfully submitted,

5

/s/ _____
Eve C. Gartner
Earthjustice
48 Wall Street
19th Floor
New York, NY 10005
Tel. 212-845-7381
Fax. 212-918-1556
egartner@earthjustice.org
Counsel for Waterkeeper Alliance,
  Inc.

Susan J. Kraham
Columbia Environmental Law Clinic
Morningside Heights Legal Service
435 West 116th Street
New York, NY 10027
212-854-4291
212-854-3554
skraha@law.columbia.edu
Counsel for Potomac Riverkeeper,
  Inc. and West Virginia Rivers
  Coalition

Paige Tomaselli
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
Tel. 415-826-2770
Fax 415-826-0507
ptomaselli@centerforfoodsafety.org
Counsel for Center for Food Safety
  and Food and Water Watch

6

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2014, I caused this Unopposed Joint Motion of Intervenors/Defendants-Appellants to Place Briefing Schedule in Abeyance Until October 2, 2014 in Light of Environmental Protection Agency's Motion to Dismiss, and Request for Expedited Consideration, to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

Betsy C. Jividen
Office of the U.S. Attorney
1125 Chapline Street
Wheeling, West Virginia 26003
*Counsel for U.S. Environmental Protection Agency*

Aaron Peter Avila
Peter Christoph Krzywicki
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7415
Washington, D.C. 20026-3795
*Counsel for U.S. Environmental Protection Agency*

James T. Bank
Joanne Rotondi
HOGAN LOVELLS US LLP
Washington, DC 20004
(202) 637-5600
*Counsel for Appellees American Farm Bureau Federation and West Virginia Farm Bureau*

7

David L. Yaussy
ROBINSON & MCELWEE PLLC
P.O. Box 1791
Charleston, WV 25326
Tel: (304) 344-5800
*Counsel for Appellee Lois Alt d/b/a Eight Is Enough*

/s/
Eve C. Gartner
Earthjustice
48 Wall Street
19th Floor
New York, NY 10005
Tel. 212-845-7381
Fax. 212-918-1556
egartner@earthjustice.org
Counsel for Waterkeeper Alliance, Inc.